IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA FELICE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GUARDIAN TECHNOLOGIES LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-04685-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING LEAVE TO AMEND** |

    Before the Court is defendants Guardian Technologies LLC and Lasko Products LLC's "Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6) and FRCP 12(b)(1), and to Strike Class Allegations Pursuant to FRCP 12(f)," filed December 15, 2023.[1] Plaintiffs Lisa Felice, Justin Garfield, and Nicholas Poston have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

## BACKGROUND[3]

    Defendant Guardian Technologies LLC, is a limited liability company with its

---

[1] On the same date, in support of said motion, defendants also filed a "Request for Judicial Notice." (See Doc. No. 17.) Plaintiffs do not oppose the Request, and good cause appearing, the Request is hereby GRANTED.

[2] By order filed February 14, 2024, the Court took the matter under submission.

[3] The following facts are taken from the operative pleading, the Class Action Complaint, filed September 12, 2023.

principal place of business in Ohio, and defendant Lasko Products LLC is a limited liability company with its principal place of business in Pennsylvania. (See Compl. ¶¶ 10-11.) Defendants "manufacture, distribute, and sell" air purifiers, including "GermGuardian AC4300 and AC4825 Series Air Purifiers," as well as "replacement bulbs" for the air purifiers. (See id. ¶¶ 1, 38.)

Air purifiers come in "various forms." (See id. ¶ 19.) HEPA[4] filters are "among the most effective purifiers" and "capture at least 99.97% of dust, pollen, mold, bacteria, and any airborne particles with a size of 0.3 microns." (See id. ¶¶ 19-20.) The GermGuardian AC4300 Series and AC4825 Series Air Purifiers (hereinafter, "the Products") are marketed as HEPA filters. (See id. ¶¶ 25, 47, 71.) In addition, the Products "feature UV-C bulbs in their design," which are "house[d] . . . in a compartment at the top of the device" (see id. ¶ 37), and which "[d]efendants represented to consumers [gave] its Products . . . materially greater antimicrobial capabilities than air purifiers which 'only' used a HEPA filter" (see id.).

Felice, "a citizen of California," alleges she purchased "the GermGuardian AC4825DLX 3-in-1 Air Cleaning Air Purifier from Defendants' Amazon store page around approximately April 2021 for $99.99." (See id. ¶ 7.) Poston, "a citizen of California," alleges that he "purchased the GermGuardian AC4825E 4-in-1 Air Cleaning Air Purifier from Defendants' Amazon.com store page on January 26, 2023 for $99.99." (See id. ¶ 8.) Garfield, "a citizen of California," alleges that she "purchased the GermGuardian AC4825E 4-in-1 Air Cleaning Air Purifier from Defendants' Amazon.com store on

---

[4] HEPA is an acronym for "High Efficiency Particulate Air." (See Compl. ¶ 19.)

November 25, 2022 for $64.99," as well as the "GermGuardian AC4300BPTCA for $129.89." (See id. ¶ 9.)

Plaintiffs allege that "the UV feature in the [p]urifiers provides no actual material antimicrobial benefit" (see id. ¶ 5), and that, in making their purchases, they "reviewed and relied on [d]efendants' warranties and representations about the Products' antimicrobial capabilities prior to purchasing [them]" (see id. ¶ 7). Specifically, plaintiffs allege that they "reasonably relied on [d]efendants' representations and believed that the UV-C bulb housed within the [p]roduct was capable of killing a material amount of bacteria, viruses and mold as they initially pass through the unit, making it more effective against these airborne pathogens than standard air purifiers which only have HEPA filters." (See id. ¶¶ 7-9.)

Based on said allegations, plaintiffs, on their own behalf and on behalf of two putative classes,[5] assert the following five claims for relief: (1) "Violations of California's Unfair Competition Law ('UCL')[,] Business & Professions Code § 17200, *et seq.*" (Count I); (2) "Violations of California's False Advertising Law ('FAL')[,] Business & Professions Code § 17500, *et seq.*" (Count II); (3) "Violations of California's Consumer Legal Remedies Act ('CLRA')[,] Cal. Civ. Code § 1750, *et seq.*" (Count III); (4) "Fraud" (Count IV); (5) "Breach of Express Warranty" (Count V).

---

[5] Plaintiffs assert claims on their own behalf and on behalf of a "Nationwide Class" comprised of "[a]ll individual residents in the United States who purchased a GermGuardian AC4825E, AC4825W, AC4825DLX, AC4300, or replacement UV bulbs for those products, during the applicable statutory period" and a "California subclass" comprised of "[a]ll California residents who purchased a GermGuardian AC4825E, AC4825W, AC4825DLX, AC4300, or replacement UV bulbs for those products, during the applicable statutory period." (See Compl. ¶¶ 74-75.)

3

**DISCUSSION**

**A. Standing**

Defendants contend "[p]laintiffs lack Article III and statutory standing" (see Mot. at 15:20), because plaintiffs "fail to specifically and plausibly allege that they suffered any economic . . . loss of money or property" (see id. at 17:19-20) and, as to statutory standing, because of their "failure to allege reliance" (see id. at 17:19). Defendants further argue plaintiffs lack Article III standing to seek injunctive relief and lack both Article III and statutory standing to challenge Products they did not purchase.

**1. Article III Standing**

A district court has subject matter jurisdiction only where a plaintiff has "[s]tanding to sue" under Article III of the Constitution. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). To satisfy Article III's standing requirements, (1) "the plaintiff must have suffered an injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) the injury must be "fairly traceable" to the challenged conduct of the defendant, and (3) "it must be likely . . . that the injury will be redressed by a favorable decision." See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotation, citation, and alteration omitted). "The party invoking federal jurisdiction bears the burden of establishing" the elements of standing, see id. at 561, and must make such a showing separately for each form of relief requested, see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc., 528 U.S. 167, 185 (2000).

The Ninth Circuit has "consistently recognized that a plaintiff can satisfy the injury in fact requirement by showing that [such plaintiff] paid more for a product than [he/she] otherwise would have due to a defendant's false representations about the product." See McGee v. S-L Snacks Nat'l, 982 F.3d 700, 706 (9th Cir. 2020). A plaintiff also can "plead

an economic injury by alleging that [he/she] bargained for a product worth a given value but received a product worth less than that value." See id. at 705–06.

Here, plaintiffs allege that "[h]ad [d]efendants not warranted and represented that the Products' UV feature was capable of sanitizing the air and killing a material number of airborne pathogens as they did, [plaintiffs] would not have purchased the Product[s] or would have paid substantially less for [them]." (See Compl. ¶¶ 7-9.) In addition, plaintiffs allege that they "paid a price premium for [d]efendants' [p]roducts under the false but reasonable belief that the Air Purifiers would neutralize germs more effectively than regular HEPA-filter air purifiers without a UV-C bulb." (See id. ¶ 73.)

The Court finds plaintiffs' allegations sufficient to establish an injury for purposes of Article III standing. See, e.g., Mazza v. Am. Honda Motor Co., 666 F.3d 581, 595 (9th Cir. 2012) (holding plaintiffs suffered injury in fact where they "contend[ed] that class members paid more for [automobile braking system] than they otherwise would have paid, or bought it when they otherwise would not have done so, because [defendant] made deceptive claims and failed to disclose the system's limitations").

**2. Statutory Standing**

Under the UCL and FAL, an individual has standing if he or she has "suffered injury in fact and has lost money or property as a result of" a violation of such statute. See Cal. Bus. & Prof. Code §§ 17204, 17535; see also Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011) (citing §§ 17204 and 17535). Under the CLRA, an individual has standing if he or she "suffers any damage as a result of the use . . . of a method, act, or practice declared to be unlawful by [the CLRA]." See Cal. Civ. Code. § 1780; see also Meyer v. Sprint Spectrum L.P., 45 Cal. 4th 634, 640 (2009) (citing § 1770). "[A]ny plaintiff who has standing under the UCL's and FAL's 'lost money or property' requirement will, *a*

*fortiori*, have suffered 'any damage' for purposes of establishing CLRA standing." Hinojos v. Kohl's Corp., 718 F.3d 1098, 1108 (9th Cir. 2013), as amended on denial of reh'g and reh'g en banc (July 8, 2013).

As noted above, plaintiffs allege they "would not have purchased the Product or would have paid substantially less for it" but for defendants "warrant[ies] and represent[ations]," which they "reviewed and relied on" (see Compl. ¶¶ 7-9), and that they "paid a price premium for [d]efendants' Products under the false but reasonable belief that the Air Purifiers would neutralize germs more effectively than regular HEPA-filter air purifiers without a UV-C bulb" (see id. ¶ 73).  Such allegations suffice to establish injury in fact and lost money under the UCL, FAL, and CLRA. See Hinojos, 718 F.3d at 1105 (holding plaintiff had statutory standing where he "allege[d] that the advertised discounts conveyed false information about the goods he purchased" and "that he would not have purchased the goods in question absent this misrepresentation").

Plaintiffs have not, however, made an adequate "showing of a causal connection or reliance on the alleged misrepresentation" as required by the UCL, FAL, and CLRA. See Kwikset Corp. v. Superior Court, 51 Cal. 4th 310 at 326 (holding, for purposes of UCL and FAL, "[a]s a result of" means "caused by" and requires a "showing of a causal connection or reliance on the alleged misrepresentation"); see also Kane v. Chobani, Inc., No. 12-CV-02425-LHK, 2013 WL 5289253, at *5 (N.D. Cal. Sept. 19, 2013) (holding standing under CLRA requires plaintiff to "allege that [such plaintiff] relied on the defendant's alleged misrepresentation").

Although plaintiffs, throughout the Complaint, cite a number of statements made by defendants regarding the Products' capabilities (see e.g., ¶¶ 39, 46-47), and, as plaintiffs note, they do identify where they purchased the Products (see Compl. ¶¶ 7-9),

plaintiffs do not, contrary to their argument, identify the particular statement(s) each read or heard before making his or her purchase (see id.) and that bore on such decision, a deficiency fatal to plaintiffs' claims. See Kwikset Corp. v. Superior Court, 51 Cal. 4th 310 at 326.

Accordingly, plaintiffs' consumer protection law claims are subject to dismissal.

### 3. Standing to Seek Injunctive Relief

To have standing to seek injunctive relief, a plaintiff must "demonstrate a real and immediate threat of repeated injury in the future." See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (internal quotation and citation omitted). The "threatened injury must be certainly impending to constitute [Article III] injury in fact" and "allegations of possible future injury are not sufficient." Clapper v. Amnesty Int'l USA, 568 U.S. 398 (2013) (emphasis in original) (internal quotation and citation omitted). Here, as set forth below, plaintiffs fail to make the requisite showing.

"[W]here a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward," injunctive relief "would serve no meaningful purpose as to that plaintiff." See Jackson v. Gen. Mills, Inc., No. 18CV2634-LAB (BGS), 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020). "[A] previously deceived consumer may," however, "have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase," see Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 969 (9th Cir. 2018), two examples of such circumstances being where the plaintiff "plausibly allege[s] [he/she] would want to purchase the product, but that [he/she is] unable to rely on the labels and so will refrain from purchasing a product [he/she] want[s]," or "plausibly allege[s] that [he/she] would

purchase a product in the future, despite the fact it was once marred by false advertising or labeling, as [he/she] may reasonably, but incorrectly, assume the product was improved," see Hanscom v. Reynolds Consumer Prod. LLC, 2022 WL 591466, at *4 (N.D. Cal. Jan. 21, 2022) (citing Davidson, 889 F.3d at 970-71).

Here, defendants challenge plaintiffs' standing to seek injunctive relief because, according to defendants, "[n]o amount of 'corrective advertising' would disabuse them of the notion that the UV-C light in the Products does not provide any germ-killing benefits beyond what the HEPA filter provides" (see Mot. at 19:12-14). The Court agrees.

In Davidson, the Ninth Circuit case providing the above-referenced examples, the only way for the plaintiff to determine whether a product falsely advertised as "flushable" wipes was now flushable was to buy the product and flush it. Here, by contrast, plaintiffs allege it is "scientifically impossible for the Products' UV-C bulb to provide any materially significant antimicrobial benefits over competing air purifiers that only have a HEPA filter." (See id. ¶ 51.) Given such knowledge, plaintiffs, "going forward," are able to "evaluate product claims and make appropriate purchasing decisions" as to the Products, and, consequently, injunctive relief "would serve no meaningful purpose." See Jackson v. Gen. Mills, Inc., No. 18CV2634-LAB (BGS), 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020). Indeed, plaintiffs do not allege they have any desire or intent to purchase defendants' Products in the future. See Davidson at 971 (holding "plaintiff must allege they would want to or intend to purchase the product in the future").

Accordingly, to the extent plaintiffs seek injunctive relief, such claims are subject to dismissal for lack of standing.

**4. Standing as to Products Not Purchased**

Defendants argue plaintiffs lack Article III standing and statutory standing to

challenge Products "[n]one of the named [p]laintiffs claim to have purchased," namely, the "GermGuardian AC4825W" and the "GermGuardian AC4300" (see Mot. at 19:25-26).[6]

Although, as defendants note, "[c]ourts within the Ninth Circuit have split as to whether a plaintiff can assert claims for products [such plaintiff] did not purchase" (see Mot. at 19:26-27), "[t]he majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar," see Brown v. Hain Celestial Grp., Inc., 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012); see also Ang v. Bimbo Bakeries USA, Inc., 2014 WL 1024182, at *6 (N.D. Cal. Mar. 13, 2014) (noting "judges in this District have continued to look at the same factors—similarity in products, similarity in claims, similarities in injury to consumers—to determine which unpurchased products can be included by plaintiffs in their. . . class actions").

Here, plaintiffs seek to represent a "nationwide class" and a "California subclass" of individuals who "purchased a GermGuardian AC4825E, AC4825W, AC4825DLX, AC4300, or replacement UV bulbs for those products." (See Compl. ¶¶ 74-75.) Those four products, as well as the misrepresentations made and monetary damages incurred in connection with their purchase, are alleged to be, in all material respects, essentially the same. (See Compl. ¶ 39 (alleging Products have "uniform packaging"); id. ¶ 69 n.9 (alleging Products "all feature substantially the same design"); id. ¶ 73 (alleging consumers paid "price premium").)

---

[6] In their opposition, plaintiffs point out that Garfield is alleged to have purchased an AC4300BPTCA. (See Opp'n. at 18 n.6 (citing Compl. ¶ 9).)

Accordingly, plaintiffs are not precluded from pleading claims based on Products they have not purchased.

**B. Failure to Allege No Adequate Remedy at Law**

The CLRA provides for legal damages, restitution, and injunction as forms of remedy. See Cal. Civ. Code § 1780(a)(1)-(3). The UCL and FAL are equitable actions, and remedies "are generally limited to injunctive relief and restitution." See Sharpe v. Puritan's Pride, Inc., 466 F. Supp. 3d 1066, 1070 (N.D. Cal. 2020) (citing Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003)).

Defendants contend plaintiffs' "UCL and FAL claims must be dismissed because they cannot establish that they lack an adequate remedy at law, which they seek under both their CLRA and fraud claims." (See Mot. at 14:9-10.)

The Ninth Circuit has held that "[t]he traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL . . . in a diversity action." See Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020); see also Banks v. R.C. Bigelow, Inc., 536 F.Supp.3d 640, 649 (C.D. Cal. 2021) (dismissing plaintiff's FAL claim for failure to plead lack of adequate remedy at law). Consequently, in order to state a claim under California's consumer fraud statutes, a plaintiff "must establish that [he/she] lacks an adequate remedy at law before securing equitable restitution for past harm[.]" See Sonner, 971 F.3d at 844.

Here, plaintiffs' claims for restitution under the UCL and FAL are based on the same alleged conduct as their claims for damages under their CLRA and fraud causes of action.

Accordingly, to the extent plaintiffs seek restitution under the UCL and FAL, those

claims are subject to dismissal for failure to allege a lack of remedy at law. To the extent plaintiffs seek injunctive relief under the UCL and FAL, however, said claims are not subject to dismissal on such ground.

**C. Failure to State a Claim**

Defendants argue "the Complaint fails to state [any] claim" (see Mot. at 7:3), and that "[c]laims sounding in fraud, such as the UCL, FAL, CLRA and the fraud claim asserted here" do not "satisfy Rule 9(b)'s heightened particularity standard" (see id. at 7:11-13).

### 1. Legal Standard

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

11

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

### 2. All Counts

At the outset, defendants contend "each of plaintiffs causes of action fails because [p]laintiffs fail to identify any false or misleading statement." (See Mot. at 7:18-20.) In particular, defendants argue, plaintiffs allege that defendants' statements are misleading because the UV-C bulb does not "provide any material germ 'killing' or 'reduction' benefits as air initially passes through the unit" (see Mot. at 8:16-18) (citing ¶ Compl. 52) (emphasis added by defendants), and that "nowhere does [any] defendant claim that the germ-killing benefits of UV-C accrue entirely during the initial pass through the unit" (see Mot. at 8:21-23). Although, plaintiffs, in response, argue they "identify a plethora of statements that [d]efendants made about the Products upon which they relied" (see Opp'n. at 5:1-2), plaintiffs' appear to be pleading that all such statements are false or misleading because the Products are not effective at killing a material amount of bacteria, viruses, and mold upon their initial pass through. (See, e.g., Compl. ¶¶ 7-9 (alleging plaintiffs relied on and believed that the "Product[s] w[ere] capable of killing a material amount of bacteria, viruses and mold as they initially pass through the unit"); ¶ 52 (alleging defendants' "representations that the UV-C bulb in the Products is capable of providing any material germ 'killing' or 'reduction' benefits as air initially passes through" are "demonstrably false").)

Accordingly, each of plaintiffs' claims is subject to dismissal for failure to plead a

false statement.[7]

The Court next turns to additional arguments made by defendants as to one or more of plaintiffs' claims.

### 3. State Consumer Protection Claims (Counts I, II, III)

Defendants contend plaintiffs' claims under the UCL, FAL, and CLRA fail to meet the heightened pleading requirements of Rule 9(b).

Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." See Fed. R. Civ. P. 9(b).[8] "Allegations of fraud must 'be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong.'" See Elgindy v. AGA Serv. Co., 2021 WL 1176535, at *4 (N.D. Cal. Mar. 29, 2021) (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)). Consequently, to satisfy Rule 9(b), "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." See Vess, 317 F.3d at 1106.

Here, as noted, plaintiffs identify which of defendants' air purifier models they purchased and the dates on which they purchased the products on Amazon. (See Compl. ¶ 38, 7-9.) Also, as noted, they cite a number of statements made by defendants and allege they "reviewed and relied on [d]efendants' warranties and representations." (See Compl. ¶ 7-9.) Plaintiffs do not, however, identify which statements they saw and relied

---

[7] Given such ruling, the Court does not address herein defendants' additional argument that the Court lacks personal jurisdiction over them as to the claims of non-resident class members.

[8] There is no dispute that Rule 9(b) applies to the UCL, FAL, and CRLA claims. (See Opp'n. at 10:14-19.)

on when making their purchasing decisions, and "courts in this [C]ircuit have held that a plaintiff does not satisfy Rule 9(b) when the plaintiff generally identifies allegedly misleading statements but fails to specify which statements the plaintiff actually saw and relied upon," see In re Arris Cable Modem Consumer Litig., No. 17-CV-01834-LHK, 2018 WL 288085, at *8 (N.D. Cal. Jan. 4, 2018); see also, e.g., Pirozzi v. Apple Inc., 913 F. Supp. 2d 840, 850 (N.D. Cal. 2012) (holding plaintiff failed to state claims under UCL, FAL, and CLRA where "[p]laintiff identifie[d] a number of representations made by [defendant]" but "fail[ed] to provide the particulars of her own experience reviewing or relying upon any of those statements" and did not "specify when she was exposed to the statements or which ones she found material to her decisions to purchase [the product]").

Accordingly, plaintiffs' consumer protection law claims are subject to dismissal.

### 4. Fraud (Count IV)

Common law fraud claims likewise are subject to rule 9(b)'s heightened pleading standard, see Fed. R. Civ. P. 9(b), and, for the reasons stated above, plaintiffs fail to meet that standard.

Accordingly, plaintiffs' fraud claim is subject to dismissal.

### 5. Breach of Express Warranty (Count V)

To state a claim for breach of express warranty, the plaintiff must show "(1) [the seller] made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." See Corbett v. PharmaCare U.S., Inc., 567 F. Supp. 3d 1172, 1199 (S.D. Cal. 2021) (internal quotation and citation omitted). "To constitute a warranty and be actionable, the statement must be specific and unequivocal." Id. (internal quotation and citation omitted).

Here, in their Complaint, plaintiffs do not identify any fact or promise made by defendants, or description provided by them, on which plaintiffs' breach of warranty claim is based. Rather, they "incorporate by reference" all of the "preceding paragraphs" (see Compl. at ¶ 126) and then make the general, and insufficient, allegation that "[d]efendants' affirmation of fact that the [p]roducts could effectively kill a material amount of microbes with UV-C light was the basis of the bargain" (see id. ¶ 128); see also In re Clorox Consumer Litig., 894 F. Supp. 2d 1224, 1235 (N.D. Cal. 2012) (holding plaintiffs failed to state claim for breach of warranty where defendant "would need to guess at which labels and which packaging form the basis of [p]laintiffs' claim.")

Accordingly, plaintiffs' claim for breach of express warranty is subject to dismissal.

## CONCLUSION

For the reasons stated above, defendants' motion is hereby GRANTED, and the Complaint is hereby DISMISSED with leave to amend.

Plaintiffs' First Amended Complaint, if any, shall be filed no later than April 25, 2024.

**IT IS SO ORDERED.**

Dated: April 4, 2024

MAXINE M. CHESNEY
United States District Judge