IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LISA FELICE, et al.,

           Plaintiffs,

    v.

GUARDIAN TECHNOLOGIES LLC, et al.,

           Defendants.

Case No.  23-cv-04685-MMC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; DENYING LEAVE TO AMEND**

Before the Court is defendants Guardian Technologies LLC and Lasko Products LLC's "Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to FRCP 12(b)(6), and to Strike Class Allegations Pursuant to FRCP 12(f)," filed May 9, 2024.  Plaintiffs Lisa Felice, Justin Garfield, and Nicholas Poston have filed opposition, to which defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND[2]

Defendants Guardian Technologies LLC and Lasko Products LLC "manufacture, distribute, and sell" air purifiers, including "GermGuardian AC4300 and AC4825 Series Air Purifiers," as well as "replacement bulbs" for them. (See FAC ¶¶ 1, 38.)

The GermGuardian AC4300 Series and AC4825 Series Air Purifiers (hereinafter,

---

[1] By order filed July 17, 2024, the Court took the matter under submission.

[2] The following facts are taken from the First Amended Complaint ("FAC").

"the Products") use HEPA filters.  (See id. ¶¶ 39, 47.)[3]  The Products additionally "feature UV-C bulbs in their design," which are "house[d] . . . in a compartment at the top of the device" (see id. ¶ 37), and which "[d]efendants represented to consumers [gave] its Products . . . materially greater antimicrobial capabilities than air purifiers which 'only' used a HEPA filter" (see id. ¶ 25).[4]

Felice, "a citizen of California," alleges she purchased "the GermGuardian AC4825DLX 3-in-1 Air Cleaning Air Purifier from Defendants' Amazon store page around approximately April 2021 for $89.99."  (See id. ¶ 7.)  Poston, "a citizen of California," alleges that he "purchased the GermGuardian AC4825E 4-in-1 Air Cleaning Air Purifier from Defendants' Amazon.com store page on January 26, 2023 for $99.99," as well as "replacement bulbs."  (See id. ¶ 8.)  Garfield, "a citizen of California," alleges that she "purchased the GermGuardian AC4825E 4-in-1 Air Cleaning Air Purifier from Defendants' Amazon.com store on November 25, 2022 for $64.99," as well as the "GermGuardian AC4300BPTCA for $129.89."  (See id. ¶ 9.)

Plaintiffs allege "the UV feature in the [p]urifiers provides no actual material antimicrobial benefit" (see id. ¶ 5), and that, in making their purchases, they "reviewed the Product's Amazon page and relied on Defendants' warranties and representations on the Amazon page about the Product's antimicrobial capabilities prior to purchasing the Product" (see id. ¶ 7-9).  Specifically, plaintiffs allege they "reasonably relied on [d]efendants' representations and believed that the UV-C bulb housed within the Product was capable of killing a material amount of microbes making it more effective against

---

[3] HEPA is an acronym for "High Efficiency Particulate Air." (See FAC ¶ 19.)

[4] Defendants' unopposed "Request for Judicial Notice" of the AC4825DLX and AC4825E labels is hereby granted. (See Doc. No. 35.)

2

these airborne pathogens than standard air purifiers which only have HEPA filters." (See id. ¶¶ 7-9.)

Based on said allegations, plaintiffs, on their own behalf and on behalf of two putative classes,[5] assert the following three claims for relief: (1) "Violations of California's Consumer Legal Remedies Act ('CLRA')[,] Cal. Civ. Code § 1750, *et seq.*" (Count I); (2) "Fraud" (Count II); (3) "Breach of Express Warranty" (Count III).

## DISCUSSION

### A. Failure to State a Claim

Defendants argue "[p]laintiffs' FAC fails to state a claim" (see Mot. at 9:11), and that "[c]laims sounding in fraud, such as the CLRA and the fraud claim asserted here" do not "satisfy Rule 9(b)'s heightened particularity standard" (see id. at 9:19-20).

#### 1. Legal Standard

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief

---

[5] Plaintiffs assert claims on their own behalf and on behalf of a "Nationwide Class" comprised of "[a]ll individual residents in the United States who purchased a GermGuardian AC4825E, AC4825W, AC4825DLX, AC4300, or replacement UV bulbs for those products, during the applicable statutory period" and a "California subclass" comprised of "[a]ll California residents who purchased a GermGuardian AC4825E, AC4825W, AC4825DLX, AC4300, or replacement UV bulbs for those products, during the applicable statutory period." (See FAC ¶¶ 82-83.)

United States District Court
Northern District of California

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

### 2. All Counts

The CLRA prohibits "[r]epresenting that goods . . . have . . . characteristics, . . . benefits, or qualities . . . that they do not have" and "[r]epresenting that goods . . . are of a particular standard, quality, or grade. . . . if they are of another." See Cal. Civ. Code § 1770(a)(5), (7). Under California law, the elements of fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." See Tom Trading, Inc. v. Better Blue, Inc., 26 F. App'x 733, 736 (9th Cir. 2002) (internal quotation and citation omitted). To state a claim for breach of express warranty, under California law, the plaintiff must show "(1) [the seller] made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." See Corbett v. PharmaCare U.S., Inc., 567 F.

4

Supp. 3d 1172, 1199 (S.D. Cal. 2021) (internal quotation and citation omitted).

By its prior order, the Court dismissed with leave to amend all said claims as alleged in plaintiffs' initial Complaint. In so ruling, the Court noted that "plaintiffs' appear to be pleading that [defendant's advertising] statements are false or misleading because the Products are not effective at killing a material amount of bacteria, viruses, and mold upon their initial pass through" (see Oder Granting Defendant's Motion to Dismiss ("Order of Dismissal"), filed April 4, 2024, at 12:18-20), and that "nowhere does [any] defendant claim that the germ-killing benefits of UV-C accrue entirely during the initial pass through the unit" (see id. at 12:13-15 (quoting Motion to Dismiss, Dkt. 16, at 8:21-23)).

By the instant motion, defendants contend "[p]laintiffs' causes of action still fail because [p]laintiffs fail to identify any false or misleading statement." (See Mot. at 9:26-27.) In response, plaintiffs note that they "have removed the initial-pass allegations." (See Opp'n. at 4:1). As set forth below, however, the omission of initial-pass language fails to cure the above-cited deficiency.

In support of their claims, plaintiffs rely on a study conducted by James Malley, PhD ("Dr. Malley").[6] As alleged in the FAC, Dr. Malley "reviewed the AC4825 series purifier and analyzed its design and its UV-C light 'feature'"; in particular he "determined the UV dose for each chamber [of said device] 'by multiplying the irradiance by the residence time for the maximum and minimum flow settings.'" (See FAC ¶¶ 60, 67.)[7] Dr. Malley's methodology and calculations, which are set forth in detail in the FAC,

---

[6] In the FAC, plaintiffs describe various findings made by Dr. Malley but do not provide his report as an exhibit thereto.

[7] Plaintiffs allege "the [Products] listed in [the] complaint all feature substantially the same design, and any differences which may exist between them are immaterial for purposes of this action." (See FAC ¶ 76 n.10.)

demonstrate the study was designed to determine the UV-C dose in a single pass through, and, as alleged in the initial Complaint, plaintiffs impliedly relied on such finding in comparing the Products' actual qualities with their qualities as represented by defendants. (See Complaint ¶¶ 8, 52.)

There is nothing in defendants' labeling or other statements about the Products, however, even suggesting that the germ-killing benefits of UV-C light accrue entirely during the initial pass through the unit, nor is there anything in the FAC to suggest a lack of cumulative impact resulting from repeated passes. In short, there is nothing in the FAC pertaining to Dr. Malley's study nor are there any other allegations that render false defendants' statement that UV-C light helps kill pathogens to a greater extent than a HEPA filter alone.[8]

Accordingly, each of plaintiffs' claims is subject to dismissal for failure to plead a false statement.[9]

**B. Leave to Amend**

Plaintiffs request "leave to amend to address any curable deficiencies the Court may identify." (See Opp'n. at 18:23-24.) Whether leave "should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party." See Levine v. Safeguard Health Enterprises, Inc., 32 F. App'x 276, 278 (9th Cir. 2002). Here, plaintiffs' claims are

---

[8] To the extent defendants argue plaintiffs again fail to meet the heightened pleading standard of Rule 9(b), the Court disagrees. Plaintiffs have amended their complaint to allege they "relied on [d]efendants' warranties and representations on the [Products'] Amazon page[s]" (see ¶¶ FAC 7,8,9), and highlighted specific statements listed thereon (see id. ¶ 39, 43).

[9] Given such ruling, the Court does not address herein defendants' additional arguments that the Court lacks personal jurisdiction over them as to the claims of non-resident class members and that punitive damages are inappropriate.

predicated on findings that are not inconsistent with any representation made by either defendant, and, under such circumstances, the Court finds additional amendment would be futile.

## CONCLUSION

For the reasons stated above, defendants' motion is hereby GRANTED, and the FAC is hereby DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: July 30, 2024

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California

7